IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 23-10293-LTS |
| | ) | |
| TRAMONTE JAMIER QUEEN, | ) | |
| | ) | |
| Defendant | ) | |

**<u>GOVERNMENT'S RESPONSE TO MOTION TO CONTINUE TRIAL</u>**

The United States of America, by Leah B. Foley, United States Attorneys, Brian A. Fogerty and Jessica L. Soto, responds to defendant Tramonte Queen's motion to continue trial. ECF. No. 316. In an email to government counsel dated April 13, 2026, Queen's counsel provided three bases for a motion to continue trial by an unidentified length of time. Counsel cited: (1) a request for a more detailed expert report from Sgt. Det. Joseph Medina, (2) a need for the defense team to consult with their own digital forensics expert, including during their review of the digital evidence, and (3) the fact that the Court has not yet ruled on the pending motion to dismiss. On those bases, the government indicated it would oppose a continuance for a then-undefined length. The reasons for that opposition are set forth in more detail below.

Queen's counsel did not include in their April 13 email any reference to the conflicts in their respective personal schedules. The government typically tries to accommodate opposing counsel's personal conflicts. In fact, the government already did so when agreeing to continue the first trial date. ECF No. 93–94. In light of this newly raised basis, the government does not oppose the motion to continue trial by approximately 30 days. However, government counsel is not available for trial during the weeks beginning on the following dates: June 15 and 22; and July 6,

20, and 27.  And if the Court grants Queen's motion, the government respectfully requests that the Court also vacate the existing pretrial filing deadlines, and reset deadlines based on the new trial date.

The purported substantive reasons for continuing trial are without merit.[1]

1.     Recent Litigation.  The Court set the May 4, 2026 trial date on February 12, 2026. ECF No. 289.  In the interim, Queen has filed one 6-page supplement to its motion to suppress and participated in one 2-hour evidentiary hearing.  ECF No. 294 and 312.  This case activity should not have meaningfully distracted counsel from preparing for the upcoming 3-day trial.

2.     Touhy Procedure.  On April 14, 2026, at 3:56 p.m., Queen's counsel sent the government a discovery letter in which they request for the first time since the verdict in his first trial additional information regarding victim-witness benefits provided for Khalilah Demarsay. The government will promptly comply with its discovery obligations regarding the disclosure of any promises, inducement, and rewards offered to Ms. Demarsay and will clarify the organization

---

[1] Trial courts are granted broad discretion in scheduling trials and ruling on motions for continuances.  *See United States v. Maldonado*, 708 F.3d 38, 42 (1st Cir. 2013). While the Court's "discretion is limited by a defendant's constitutional rights to testimony by defense witnesses and effective assistance of counsel, 'only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel.'" *See United States v. Delgado-Marrero*, 744 F.3d 167, 195 (1st Cir. 2014) (quoting *Maldonado*, 708 F.3d at 42).

The First Circuit has identified several factors relevant to the Court's evaluation of a motion to continue trial, "including: the amount of time needed for preparation compared to the actual time available; how diligently the movant used the time available, and whether the movant contributed to his or her perceived predicament; the complexity of the case; other available assistance; the probable utility of a continuance; the extent of any inconvenience to others (including the court, witnesses, and the opposing party); and the likelihood of injustice or unfair prejudice resulting from the denial of a continuance." *See Delgado-Marrero*, 744 F.3d at 196 (quoting *United States v. Rosario-Otero*, 731 F.3d 14, 18 (1st Cir. 2013)).

of origin for some of the disclosed benefits.  Nevertheless, counsel filed their motion to continue trial less than 24 hours after sending their discovery letter.

3.      CSAM Viewing.  The government will accommodate all reasonable requests for Queen and his counsel to review the digital evidence containing CSAM.  The government did this in the lead up to the first trial, bringing Queen to the U.S. Attorney's Office for hours to personally review the evidence with his counsel.  However, Queen's April 14 letter is the first such request to review the digital evidence since the verdict in the January 2026 trial.

4.      General Discovery Access at Barnstable House of Correction.  Prior to filing his motion to continue, Queen's counsel never requested that the government do anything to address his apparent lack of access to discovery at that facility.

5.      Defendant's Request for Expert Notice.  Queen contends that Sgt. Det. Medina's expert notice is insufficient.  Queen's counsel conveyed that contention on April 13, when requesting the government's agreement to continue trial for an indefinite period.  If necessary, the government will supplement its expert disclosure with the details counsel requests.  However, in context, this is a minor issue.  Sgt. Det. Medina has already testified twice about his extraction of data from Queen's phones.  ECF No. 231 and 257.  His qualifications and testimony about what was found on Queen's devices are already known to defense counsel.

* * *

The upcoming trial is about Queen's use of a minor to create sexually explicit videos and possession of those videos. To be sure, the charges are serious and Queen is entitled to prepared and effective counsel. However, the purported substantive reasons for a continuance are insufficient. Still, the government does not challenge counsel's representations regarding the personal reasons why a short continuance is necessary. Therefore, the government does not oppose the motion.[2]

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   /s/ Jessica L. Soto
BRIAN A. FOGERTY
JESSICA L. SOTO
Assistant U.S. Attorneys

Date: April 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ Jessica L. Soto
Jessica L. Soto
Assistant United States Attorney

Date: April 16, 2026

---

[2] If the motion is granted, the government moves for an exclusion of the intervening time under pursuant to 18 U.S.C. § 3161(h)(7)(A).

4